IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA I. GARCIA-MALDONADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  21-2023 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                       February 7, 2022

Sonia I. Garcia-Maldonado ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claims for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

### I.   PROCEDURAL HISTORY

Plaintiff was born on March 31, 1970, and protectively filed for DIB on September 14, 2018, alleging disability as of January 1, 2018, due to blindness/low vision, scoliosis, three herniated discs, depression, anxiety, arthritis and migraines. Tr. at 67-68, 83, 137, 159.[2]  After her claim was denied initially, id. at 84-88, she requested a

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]Plaintiff filed three prior applications.  The first, filed on November 29, 2005, was denied after a hearing on October 24, 2007.  Tr. at 68.  The second, filed on August 8, 2013, was denied at the initial consideration level on January 23, 2014.  Id.  Plaintiff

hearing before an administrative law judge ("ALJ"), id. at 92, which was held on November 7, 2019. Id. at 44-66. On May 6, 2020, the ALJ issued his decision denying Plaintiff's claim. Id. at 22-38. On March 1, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's May 6, 2020 decision the final decision of the Commissioner. 20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing her complaint on April 30, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 12, Defendant filed an uncontested motion for remand, noting that "remand for further proceedings is warranted." Doc. 13 ¶ 2.[3]

## II. DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease, carpal tunnel syndrome, depressive/bipolar disorders, and post-traumatic stress disorder. Tr. at 24. In his assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing light work with the limitations that Plaintiff could frequently operate hand controls, handle, finger, and feel with both hands; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; avoid all exposure to unprotected heights and

---

filed the third application on August 1, 2014, and the Appeals Council denied her request for review of the administrative law judge's ("ALJ") decision on February 2, 2018. Id.

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 5.

moving mechanical parts; perform work requiring only minimal communication in English; perform simple, routine, and repetitive tasks and make simple, work-related decisions; and have occasional contact with supervisors, co-workers, and the public. Id. at 28.[4] Plaintiff contends that the ALJ failed to: (1) consider her illiteracy at step five of the sequential evaluation, (2) account for her moderate limitations in concentration, persistence, and pace, and (3) properly consider her migraines and visual impairment. Doc. 12.

Plaintiff first contends that remand is required because the ALJ failed to consider the vocational impact of Plaintiff's illiteracy at the fifth step of the sequential evaluation. Doc. 12 at 3-8. Because there is an apparent inconsistency between the ALJ's findings regarding Plaintiff's ability to communicate in English and the hypothetical question posed to the vocational expert ("VE"), upon which the ALJ relied in finding Plaintiff was not disabled, I agree that the case must be remanded for further review. In his decision, the ALJ stated that "[Plaintiff] is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." Tr. at 36. However, in questioning the VE, the ALJ asked the VE to consider someone who requires "only a minimal ability to communicate in English." Id. at 57.[5]

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416. 967(b).

[5]Plaintiff also complains that the ALJ failed to consider Plaintiff's change of age in consulting the Medical Vocational Rules ("grids") in his discussion. Doc. 12 at 5.

3

Plaintiff also complains that the ALJ failed to properly consider Plaintiff's moderate limitations in concentration, persistence, or pace. Doc. 12 at 8-12. Here, the ALJ determined that Plaintiff could perform routine and repetitive tasks, and make simple, work-related decisions. Tr. at 28. Plaintiff contends that these limitations were insufficient to address her moderate limitations in the abilities to concentrate, persist, and maintain pace. In Hess v. Commissioner of Social Security, 931 F.3d 198 (3d Cir. 2019), the Third Circuit held that the ALJ's limitation to "simple tasks" was sufficient to account for the plaintiff's moderate limitations in concentration, persistence, and pace because the ALJ adequately explained why he limited the plaintiff to simple tasks. Id. at 213-14. Defendant seeks remand for further proceedings, including a new hearing and new decision. Doc. 13 ¶¶ 2,3. If, on review, the ALJ determines that Plaintiff has moderate limitations in her abilities to concentrate, persist, and maintain pace, the ALJ should be guided by the Third Circuit's decision in Hess in crafting an RFC to account for such limitations.

---

Contrary to Plaintiff's complaints, the ALJ specifically noted Plaintiff's change of age and that no specific grid section reconciled with Plaintiff's age, inability to communicate in English, semi-skilled past relevant work, and ability to perform a range of light work. Tr. at 37. Plaintiff contends that section 202.09 of the grids is applicable and directs a finding of disabled. Doc. 12 at 6. Contrary to this contention, section 202.09 is not applicable because the VE testified and the ALJ found that Plaintiff's past-relevant work was semi-skilled. Tr. at 36, 58. Section 202.09 is applicable to an illiterate individual capable of performing light work, who is closely approaching advanced age, who has no previous work experience or that which is unskilled. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.09.

Finally, Plaintiff complains that the ALJ failed to properly consider her migraines and visual impairment.  Doc. 12 at 12-15.  Plaintiff alleged both in her Disability Report, tr. at 159, yet the ALJ failed to address these impairments in categorizing severe and non-severe impairments at the beginning of his decision.  Id. at 24-25.  The ALJ only mentioned a visual impairment in rejecting a notation by consultative examiner David Dzurinko, M.D., that Plaintiff could not read very small print.  Id. at 35.  The ALJ found that the doctor's conclusion was undermined by his examination finding Plaintiff had uncorrected visual acuity of 20/50.  Id. (citing id. at 423).  It is unclear whether the ALJ overlooked inclusion of any visual impairment in the RFC or if he rejected any limitation based on Dr. Dzurinko's examination results.

In addition, the ALJ made no mention of Plaintiff's recurrent migraines, which are supported by the medical record.  See, e.g., tr. at 281 (2/19/18 – emergency department visit for two-day long migraine, noting history of migraines), 276 (8/24/18 – emergency department visit for four-day long headache with nausea, vomiting and photophobia), 616 (4/4/19 – emergency department visit for right sided headache with pain radiating into right arm and chest), 700 (9/16/19 – emergency department visit for headache, nausea, and photophobia).  The ALJ merely commented that "[Plaintiff] presented twice to the Emergency Department of Nazareth Hospital in February and August 2018 for reasons unrelated to her severe medically determinable impairments."  Id. at 30.  On remand, the

ALJ should consider the evidence relating to Plaintiff's migraines and include any appropriate limitations in the RFC.[6]

Defendant has stated that "remand for further proceedings is warranted" and that the case will be reconsidered by an ALJ who "will offer Plaintiff the opportunity for a new hearing and issue a new decision." Doc. 13 ¶¶ 2, 3. Because further evaluation of Plaintiff's claims should address the issues she has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.

## III.     CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand. An appropriate Order and Judgment Order follow.

---

[6]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 12 at 15-18 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA I. GARCIA-MALDONADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-2023 |

## **O R D E R**

AND NOW, this   7th    day of February, 2022, upon consideration of Plaintiff's brief (Doc. 12), Defendant's Uncontested Motion to Remand (Doc. 13), and the administrative record (Doc. 7), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey

ELIZABETH T. HEY, U.S.M.J.